# Simon & Marks *v.* Sewell.

*Action for Statutory Penalty, on Refusal to enter Satisfaction of Mortgage on Record.*

1. *Registration fees, as between mortgagor and mortgagee.*—The registration of a mortgage is intended solely for the benefit and protection of the mortgagee, and rests wholly in his election ; and in the absence of an agreement, express or implied, to the contrary, he can not hold the mortgagor liable for the costs or fees of registration.

.(16)

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

This action was brought by George W. Sewell, against the appellants as partners, to recover the statutory penalty of $200, for the defendants' alleged failure and refusal, on his request, to enter satisfaction on the record of a mortgage which he had executed to them, and which he claimed was satisfied; and was commenced on the 8th January, 1879. The mortgage was dated the 12th April, 1878, and was given to secure the payment of advances made and to be made during the year 1878. It was proved that, on the 18th September, 1878, the plaintiff paid the defendants $289.72, which was the amount of the mortgage debt as entered on their books against him; but this did not include the costs or fee of the probate judge for the registration of the mortgage; that the defendants sent to the office of the probate judge for the mortgage, a few minutes after the plaintiff had paid his account, and, when it was brought, they insisted that he should pay the costs of its registration; that the plaintiff refused to do this, and denied his liability for it; that they then told him they would not enter satisfaction of the mortgage on the record until he paid said fees; and that they had never entered satisfaction thereof, although requested by him to do so. It was shown that the defendants had carried the mortgage to the office of the judge of probate, for registration, and paid the fee for recording it, which was $2.00, when they sent for it, as above stated. On the part of the defendants it was proved, that the fees for recording similar mortgages, in the years 1876 and 1877, were charged against the plaintiff, and were paid by him without objection; while the plaintiff's evidence was to the effect, that if he paid the charges at all, it was done in ignorance, and without any examination of the items. The defendants' evidence tended to prove, also, an express agreement by the plaintiff to pay the fee for recording the mortgage; while the plaintiff's evidence, on the other hand, tended to show that the defendants agreed to pay it. There was evidence, also, as to a custom among the merchants in Montgomery to charge such fees to the persons to whom they made advances; but the evidence as to this custom was conflicting. The court charged the jury, among other things, " that, as matter of law, in the absence of any contract, express or implied, it was entirely with the mortgagee whether or not he had the mortgage recorded, and, if he chose to have it recorded, it would be at his own charge— in this case, at the costs of the defendants; and in that case, the plaintiff would not be bound for this fee, and it would not be secured in the mortgage." This charge, to which the

defendants excepted, they now assign as error, together with other charges given, and the refusal of several charges asked.

WATTS & SONS, for the appellants.—The statutory penalty was not incurred, unless the mortgage was satisfied; and the mortgage was not satisfied, until all the legitimate costs and expenses, for which the mortgagor was liable, had been paid. The mortgagor is bound to pay, as a part of the expenses, whatever charges are necessary to perfect and preserve the security; such as taxes, and incumbrances on the property. The registration of the mortgage is necessary for the preservation of the security, and is in the nature of a charge created by law; and so far as the instrument was intended to operate as a statutory lien for advances, it was without any validity until recorded. As to the mortgagor's liability for costs, charges, &c., see *Harper v. Ely*, 70 Illinois, 581; *Rowan v. Sharpe's Rifle Co.*, 29 Conn. 822; *Dale v. McEvers*, 2 Cow. 118; *Davis v. Bean*, 114 Mass. 360; *Hurd v. Coleman*, 42 Maine, 182; *Rawson v. Hall*, 56 Maine, 142; *Phelps v. Relfe*, 20 Mo. 479; 21 N. J. Eq. 230; *Emerson v. Gilman*, 44 N. H. 235; 2 Jones on Mortgages, §§ 990–91, 1134.

R. M. WILLIAMSON, *contra.*—The mortgage is perfect and valid, as between the parties, without registration; and the mortgagee is not bound to have it recorded. If he chooses to have it recorded, it is for his own benefit and protection, and he must pay the fees. As to the charges for which the mortgagor is liable, the proper rule is laid down in *Harbinson v. Harrell*, 19 Ala. 753; *Barnard v. Harrison*, 30 Mich. 8.

BRICKELL, C. J.—The assignments of error are numerous, but they are all reducible to, and depend upon that which, the counsel for the appellants very properly say, is the main question: whether, in the absence of an agreement, express or implied, a mortgagor is bound to refund the mortgagee the money he has expended in registering the mortgage. Before a mortgage is capable of registration, execution by the mortgagor, including delivery, must have been complete; all dominion over it must have been parted with by him; every act he is required to perform, to render it obligatory on him, and valid and operative as a security and conveyance to the mortgagee, must have been performed. Though it is never registered, so far as he, or those who may succeed him in right or estate, other than *bona fide* purchasers, or creditors acquiring a lien, without notice, may be concerned, registration is not essential to the full and complete operation of the

mortgage. The mortgagee may or not, at his election, cause the mortgage to be registered. Registration is for his benefit only, and for his protection against the possible claims of subsequent *bona fide* purchasers, or creditors acquiring a lien without notice. As it is for his benefit and protection, and it rests wholly in his election whether registration is had, he ought to bear the burthen of it. If he desires to cast it on the mortgagor, he may exact a promise from him to pay its costs.

We find no error in the rulings of the City Court, and the judgment is affirmed.